SUSAN Y. COLA (SBN 178360)
Interim City Attorney
susan.cola@santamonica.gov
KIRSTEN R. GALLER (SBN 227171)
Deputy City Attorney
kirsten.galler@santamonica.gov
HEIDI VON TONGELN (SBN 239331)
heidi.vontongeln@santamonica.gov
1685 Main Street, Room 310
Santa Monica, California 90401
Telephone: (310) 458-8336
Facsimile: (310) 395-6727

BERRY SILBERBERG STOKES PC
CAROL M. SILBERBERG (SBN 217658)
csilberberg@berrysilberberg.com
155 North Lake Avenue, Suite 800
Pasadena, CA 91101
Telephone: (213) 986-2688
Attorneys for Defendants
CITY OF SANTA MONICA and
CITY COUNCIL OF THE CITY OF
SANTA MONICA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NMS 1539, LLC, a Delaware limited liability company; NMS 1548, LLC, a Delaware limited liability company; 1520 7TH STREET, LLC, a California limited liability company; NMS15437, LLC, a California limited liability company; 1547 7TH STREET, LLC, a California limited liability company; 1557 7TH ST, LLC, a California limited liability company; 1650 LINCOLN NMS, LLC, a California limited liability company; NMS1550LINCOLN, LLC, a California limited liability company; NEBRASKA STUDIOS, LLC, a Delaware limited liability company; 3025 OB MULTIFAMILY LLC, a Delaware limited liability company; WSC 501 BROADWAY, LLC, a California limited liability company; WSC 601 COLORADO AVE, LLC, a California | Case No. 2:20-cv-11318-FLA (JPRx) Hon. Fernando L. Aenlle-Rocha Magistrate: Jean P. Rosenbluth **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES** Hearing Date:  August 5, 2022 Hearing Time: 1:30 PM Action Filed:   December 14, 2020 |

limited liability company; NMS 601 WILSHIRE, LLC, a California limited liability company; 1313 6TH STREET LLC, a Delaware limited liability company; WSC 1318 LINCOLN BLVD, LLC, a California limited liability company; 1323 5TH STREET, LLC, a California limited liability company; 1338 5TH STREET, LLC, a California limited liability company; NMS YALE, LLC, a California limited liability company; 14155NMS, LLC, a Delaware limited liability company; NMS1430LINCOLN, LLC, a California limited liability company; 14375 NMS, LLC, a California limited liability company; 1437 6TH STREET, LLC, a California limited liability company; LUXE 1441 LINCOLN, LLC, a California limited liability company; 14255NMS, LLC, a California limited liability company; 1445 9TH STREET, LLC, a Delaware limited liability company; 1446 YALE STREET, LLC, a Delaware limited liability company; 1516 STANFORD STREET, LLC, a Delaware limited liability company; 1038 10TH STREET, LLC, a Delaware limited liability company; 1007 LINCOLN BOULEVARD, LLC, a Delaware limited liability company; 1238 10TH STREET, LLC, a Delaware limited liability company; NMS 14277, LLC, a California limited liability company; 1433 EUCLID STREET, LLC, a Delaware limited liability company; and Trenton Armitage, an individual, on behalf of himself and all others similarly situated,

        Plaintiffs,

        v.

CITY OF SANTA MONICA, a municipal corporation; CITY COUNCIL OF THE CITY OF SANTA MONICA, its governing body, and DOES 1-10, inclusive,

        Defendants.

Case No. 2:20-cv-11318-FLA (JPRx)

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on August 5, 2022 at 1:30 PM, or as soon thereafter as counsel may be heard, in Courtroom 6B of the above-entitled Court located at 350 W. 1st Street, Los Angeles, California 90012, Defendants City of Santa Monica and City Council of the City of Santa Monica ("Defendants" or "City") will and hereby do move the Court for an Order staying discovery in this action pending resolution of the Defendants' pending Motion to Dismiss and Motion to Abstain and Stay Action. (Dkt. 50, 51.)

This motion is brought pursuant to the Court's inherent power and Federal Rule of Civil Procedure 26(c) and is based on this notice of motion and motion, the accompanying memorandum of points and authorities, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter. Defendants certify that the parties have conferred and attempted to resolve this dispute prior to Defendants filing this motion. (*See* Declaration of Carol M. Silberberg ("Silb. Decl.") ¶¶ 7-10, Exh. A.)

Respectfully submitted,

June 3, 2022

CAROL M. SILBERBERG
BERRY SILBERBERG STOKES PC

By:  /s/  *Carol M. Silberberg*
           Carol M. Silberberg

Susan Y. Cola
Interim City Attorney
KIRSTEN R. GALLER
Deputy City Attorney
HEIDI VON TONGELN
Deputy City Attorney

*Attorneys for Defendants*
CITY OF SANTA MONICA and
CITY COUNCIL OF THE CITY OF
SANTA MONICA

# <u>TABLE OF CONTENTS</u>

Page

I.   INTRODUCTION ................................................................................................ 1

II.  PROCEDURAL BACKGROUND ..................................................................... 3

    A.   The City Adopted Chapter 6.22, Consistent with Its Longstanding
          Commitment to Protecting Tenants and Rental Housing ..................... 3

    B.   Plaintiffs Filed Nearly Identical Actions in State and Federal
          Court ................................................................................................... 4

    C.   Plaintiffs Dismiss Their State Action and Pursue Broad
          Discovery in this Action While the Motions Remain Pending ............ 5

III. ARGUMENT ...................................................................................................... 7

    A.   Legal Standard ................................................................................... 7

    B.   A Stay Is Warranted Because the Motion to Dismiss Will Dispose
          of This Case and Can Be Resolved Without Discovery ...................... 9

        1.   The Pending Motions Are Potentially Dispositive of the
             Entire Case ............................................................................. 9

        2.   No Discovery Is Necessary to Decide the Motion to
             Dismiss ................................................................................. 13

    C.   Additional Factors Support a Stay of Discovery Here ...................... 15

        1.   Immunity Issues Favor a Stay of Discovery ........................... 15

        2.   Privilege Issues Favor a Stay .................................................. 17

        3.   Judicial Efficiency Supports a Stay ......................................... 18

        4.   Balancing of Harms Favors a Stay .......................................... 18

IV.  CONCLUSION ................................................................................................. 20

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Addison v. DIRECTV, Inc.*,
  2014 WL 12855831 (C.D. Cal. Nov. 14, 2014)......................................................7

*Affordable Housing Development Corp. v. City of Fresno*,
  433 F.3d 1182 (9th Cir. 2006).................................................................................16

*Alaska Cargo Transp. v. Alaska R.R.*,
  5 F.3d 378 (9th Cir. 1993).........................................................................................8

*Alaska Cargo Transport Inc. v. Alaska Railroad Corp.*,
  5 F.3d 378 (9th Cir. 1983).......................................................................................14

*Ameritel Inns v. Moffat Bros. Plastering, L.C.*,
  2007 WL 1792323 (D. Idaho June 20, 2007) ..........................................................8

*Apt. Assn. of Greater Los Angeles v. City of Los Angeles*,
  2021 WL 2460634 (C.D. Cal. June 1, 2021) ..........................................................12

*B&G Foods N.A., Inc. v. Embry*,
  29 F.4th 527 (9th Cir. 2022).....................................................................................16

*Bogan v. Scott-Harris*,
  523 U.S. 44 (1998) .............................................................................................1, 15

*Cellwitch, Inc. v. Tile, Inc.*,
  2019 WL 5394848 (N.D. Cal. Oct. 22, 2019).............................................................9

*Chudasama v. Mazda Motor Corp.*,
  123 F.3d 1353 (11th Cir. 1997)................................................................................19

*Crawford-El v. Britton*,
  523 U.S. 574 (1998) ..........................................................................................8, 15

*DiMartini v. Ferrin*,
  889 F.2d 922 (9th Cir. 1989), *amended*, 906 F.2d 465 (9th Cir. 1990)...........8, 16

*F.T.C. v. Warner Communications, Inc.*,
  742 F.2d 1156 (9th Cir. 1984)..................................................................................17

*GTE Wireless Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000)................................................................................9

*Hall v. Tilton*,
  2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ..............................................................13

*Herrick v. Strong*,
  745 F. App'x 287 (9th Cir. 2018) .............................................................................15

*HomeAway.com, Inc. v. City of Santa Monica*,
   918 F.3d 676 (9th Cir. 2019) ............................................................................. 3

*Hotop v. City of San Jose*,
   982 F.3d 710 (9th Cir. 2020) .......................................................................... 12

*In re Google Digital Advertising*,
   2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) ................................................... 9

*Johnson v. Martinez*,
   131 F. App'x 546 (9th Cir. 2005) ..................................................................... 8

*Kilgore v. City of S. El Monte*,
   2020 WL 4258584 (C.D. Cal. Apr. 24, 2020) ................................................ 12

*Lazar v. Kroncke*,
   862 F.3d 1186 (9th Cir. 2017)........................................................................... 8

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988) .......................................................................... 15

*Nguyen v. City of Buena Park*,
   2020 WL 5991616 (C.D. Cal. Aug. 18, 2020) ............................................... 12

*Patel v. City of Los Angeles*,
   738 F.3d 1058 (9th Cir. 2013).......................................................................... 12

*Porto v. City of Laguna Beach*,
   2012 WL 3810475 (C.D. Cal. Aug. 7, 2012)............................................. 1, 15

*Quezambra v. United Domestic Works of Am. AFSCME Local 3930*,
   2019 WL 8108745 (C.D. Cal. Nov. 14, 2019).................................. 7, 8, 9, 13

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
   2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) .................................................. 9

*Reyes v. Horel*,
   2009 WL 2136603 (N.D. Cal. July 14, 2009)............................................. 8, 16

*Rodriguez v. Robbins*,
   2010 WL 11622792 (C.D. Cal. Nov. 17, 2010) ................................................ 8

*Rutman Wine Co. v. E. & J Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987)........................................................................ 7, 13

*Spearman v. I Play, Inc.*,
   2018 WL 138234 (E.D. Mar. 19, 2018).......................................................... 7, 8

*Suarez v. Beard*,
   2016 WL 10674069 (N.D. Cal. Nov. 11, 2016) ................................................ 9

*Top Rank, Inc. v. Haymon*,
   2015 WL 9952887 (C.D. Cal. Sept. 17, 2015) ......................................8, 14, 19

*Vanguard Medical Management Billing, Inc. v. Baker*,
   2018 WL 6137198 (C.D. Cal. Apr. 26, 2018) ................................................ 12

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY

*Wenger v. Monroe*,
  282 F.3d 1068 (9th Cir. 2002)..............................................................7, 8

*Younger v. Harris*,
  401 U.S. 37 (1971) ...........................................................................passim

## **Statutes**

42 U.S.C. § 1983                                               5, 13, 18

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants City of Santa Monica and City Council of the City of Santa Monica ("Defendants" or "City") request that the Court exercise its discretion and stay discovery in light of their potentially case dispositive Motion to Dismiss (Dkt. 50) and accompanying Motion to Abstain and Stay (Dkt. 51) that are now pending (the "Pending Motions").  As these Pending Motions have been under submission for more than seven months, any such stay would likely be fairly short.

Plaintiffs' First Amended Complaint alleges 11 claims for relief (Dkt. 45, hereinafter "FAC."), on behalf of 33 individual plaintiffs and a putative class. The FAC seeks to challenge the facial validity of an ordinance based upon numerous federal and state constitutional theories, and also advances a retaliatory prosecution claim on behalf of all Landlord Plaintiffs.  But the City's Pending Motions demonstrate that Plaintiffs have not stated any constitutional claims, the City Council is entitled to immunity, and that minimally, all but one Plaintiff lacks standing to bring a retaliatory prosecution claim, which is not only legally insufficient, but also should be stayed pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  Thus, beyond the legal failings, the City's Pending Motions are based, in part, on *Younger* abstention and the absolute immunity to which the Defendant City Council is entitled as a matter of law. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) ("[l]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities"); *Porto v. City of Laguna Beach*, 2012 WL 3810475, at *4 (C.D. Cal. Aug. 7, 2012) (immunity extends to legislative bodies).

Additionally, Plaintiffs have served very broad discovery and one of the underlying disputes on the scope of discovery is the constitutional standards applicable to Plaintiffs' claims, which is also before the Court in the City's Pending Motions.  Another underlying dispute relates to privileges that belong to legislators

and legislative bodies, such as the City Council. While some privileges are not absolute, piercing that privilege—as Plaintiffs seek to do—before deciding that the Plaintiffs have actually stated a claim would be significantly harmful to the City and City Council. Additionally, allowing Plaintiffs to pursue broad discovery before the Pending Motions are ruled upon forces the City Council to continue to actively participate in an action in which it is entitled to absolute immunity (in addition to the various legislative and deliberative process privileges to which it is entitled) and forces both Defendants to expend significant time and resources in discovery which they would otherwise not have to expend if the Pending Motions are ultimately granted. Indeed, as it relates to Plaintiffs' retaliatory prosecution claim, the very purpose of the *Younger* abstention doctrine would be frustrated if Plaintiffs are allowed to continue conducting broad discovery prior to the Court's ruling on the Pending Motions.

If the Pending Motions are granted, and the matter is either dismissed or the retaliatory prosecution claim is stayed under *Younger*, discovery would be unnecessary. If the Pending Motions are ultimately denied or Plaintiffs are provided leave to amend one or more of their 11 claims, then Plaintiffs can conduct appropriate discovery when the pleadings are settled. And because the City has continued to meet and confer on the discovery issues with Plaintiffs in good faith, such discovery could promptly resume at the appropriate time. Additionally, Plaintiffs could have had the core constitutional issues decided by the state court in January 2022, but they chose to dismiss that litigation in November 2021. Therefore, Plaintiffs would not be prejudiced by staying discovery until the Pending Motions are ruled upon; however, the City would suffer prejudice by being forced to brief multiple discovery motions, respond to broad discovery, and expend significant public resources if their Pending Motions are ultimately granted.

## II.  PROCEDURAL BACKGROUND

**A.    The City Adopted Chapter 6.22, Consistent with Its Longstanding Commitment to Protecting Tenants and Rental Housing**

The City of Santa Monica occupies just over eight square miles and has a resident population of around 90,000.  *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 679 (9th Cir. 2019).  A small city without room to expand and with approximately 75% of its residents in rental housing, the City has consistently dedicated policies to promoting the preservation, production, and affordability of housing and protecting tenants and existing rental housing stock. (FAC ¶ 54; Ex. 1 at 1; Ex. A at 10–11); (*see* FAC ¶¶ 62–67.)[1]

In response to concerns over the adverse effects of "medium-term" leases— rentals longer than 30 days but less than one year—on raising rents and erosion of permanent rental housing stock, the City Council conducted a public hearing on August 25, 2020, to introduce a draft ordinance, adopting Santa Monica Municipal Code ("SMMC") Chapter 6.22: Residential Leasing Regulations.  (FAC ¶¶ 64, 69, 73; Ex. A at 9–10.)  The draft ordinance required landlords to offer a one-year lease and the tenant to be a natural person living in the unit as their primary residence. (Ex. A at 11–13.)  Prior to the hearing, the City received and publicly posted eight written comments from members of the public.  (Exs. A, B.)  Of these comments, five urged the City Council to amend the draft ordinance, primarily to require one-year minimum lease terms and to prohibit leasing furnished units.  (Ex. B at 32–36, 41–47.)  During the hearing, the City received additional comments from eight members of the public, some of whom encouraged similar revisions to the draft ordinance.  (FAC ¶ 75; Ex. C at 59.)  The City Council unanimously agreed to revise the draft ordinance to require a one-year minimum lease and prohibit the rental of furnished units.  (FAC ¶¶ 75, 77; Ex. C at 59–60.)

Two weeks later, at its September 8, 2020 meeting, the City Council

---

[1] Numbered exhibits refer to attachments to the FAC; lettered exhibits are attached to the City's Request for Judicial Notice filed with the Pending Motions (Dkt. 52).

unanimously adopted the ordinance, as amended on August 25, 2020.  (FAC ¶ 78; Ex. 1 at 11.)  Also at that meeting, Council directed staff to return with proposed amendments to Chapter 6.22 to address potential concerns from residents.  (Comp. ¶ 80; Ex. D at 68.)  On October 13, 2020, the City Council conducted a public hearing on a draft ordinance that incorporated narrow exemptions to the requirements of Chapter 6.22 in response to concerns from residents.  (FAC ¶ 80; Ex. D at 70–71.)  The City Council adopted this ordinance at its next meeting on October 27.  (Ex. E at 92.)

**B.     Plaintiffs Filed Nearly Identical Actions in State and Federal Court**

On December 7, 2020, "32 entities with a vested interest in the right to offer flexible lease terms and furnished apartments"—the same Plaintiffs that comprise this action—filed a verified petition for writ of mandate against the City of Santa Monica and the Santa Monica City Council in L.A. Superior Court (Case No. 20STCP04004 (the "State Action").  (Ex. G at 105 (¶ 3).)  The State Action brought causes of action for traditional and administrative mandamus and sought to invalidate Chapter 6.22 on several grounds, including that the ordinance allegedly deprives Plaintiffs of various rights under the U.S. and California Constitution, is preempted by the California Coastal Act and California housing statutes, and that Defendants allegedly deprived Plaintiffs of a fair hearing.  Plaintiffs' State Action alleged that if Chapter 6.22 "is allowed to stand, their damages will be in the hundreds of millions of dollars."  (*Id.*)  The State Action was set for a January 22, 2022 trial on the mandamus claims.

One week after filing the State Action, on December 14, 2020, Plaintiffs— again described as "32 entities with a vested interest in the right to offer flexible lease terms and furnished apartments"—filed this federal action.  (Dkt. 1 (¶ 3).)  On June 10, 2021, Plaintiffs filed their FAC.  (Dkt. 45.)  The FAC brings 11 claims and, like the State Action, seeks to invalidate Chapter 6.22 on several grounds,

alleging that it deprives Plaintiffs of various rights under the U.S. and California Constitutions and is preempted by the California Coastal Act and California housing statutes.  Plaintiffs also seek damages under 42 U.S.C. § 1983.  Landlords again allege that they "will be deprived of income that is necessary to meet their mortgages and other financial obligations" and that "the buildings stand to suffer a significant diminution of value."  (FAC ¶¶ 91–92, emphasis removed.)  As in the State Action, Landlords allege that their damages are expected "to be hundreds of millions of dollars."  (FAC ¶ 6, emphasis removed.)  The FAC also adds a retaliatory prosecution claim as well tenant-related individual and class claims. (*E.g.*, FAC ¶¶ 114-150, 179-188.)

## C. Plaintiffs Dismiss Their State Action and Pursue Broad Discovery in this Action While the Motions Remain Pending

On July 9, 2021, the City filed a Motion to Dismiss the First Amended Complaint and a Motion to Abstain and Stay Action.[2]  The hearing was originally set for September 10, 2021, but was continued on the Court's own motion.  On October 12, 2021, the Court took the Pending Motions under submission (Dkt. 61) and, as of the date of this filing, they remain under submission and pending.

In the summer of 2021, Plaintiffs insisted on moving forward with the initial Rule 26 conference, even though the Pending Motions had not yet been heard (or fully briefed at that time).  Consistent with the Court's Standing Order, in July 2021, the parties held an initial Rule 26 conference and filed a Joint Rule 26 report on August 12, 2021.  (Dkt. 56.)  During the Rule 26 conference, counsel for the City asserted that conducting discovery before the Pending Motions had been decided would be premature, as the Pending Motions would determine the scope of

---

[2] The Motion to Abstain and Stay Action was based upon abstention and/or stay principles under *Younger*, *Colorado River*, and *Landis* theories because of the parallel state court proceedings and a pending state criminal action.  (Dkt. 51.)  At the time of this filing, the state criminal action is still pending with a pretrial hearing set for June 9, 2022.  (Silb. Decl. ¶ 11, Exh. B.)  As explained *infra*, and as the parties' subsequent filings have noted (Dkt. 62, 63), that Motion has been narrowed in light of Plaintiffs' dismissal of the State Action.

the issues in this case.  Nevertheless, the City complied with the Court's Standing Order and conducted the Rule 26 conference, filed a Joint Report with the Plaintiffs, and served its initial disclosures.  The City repeatedly noted its position in the Joint Statement that the proposed dates (which, the City correctly anticipated, no longer work) would likely have to be adjusted due to the Court's timing and rulings on any initial motions.  (Dkt. 56 at 3, 5, 7.)  As of the date of this filing, the Court has not yet issued any scheduling order in this action.[3]

Although the constitutional and state-law challenges to Chapter 6.22 raised in the FAC could have been resolved in January 2022 in the writ trial in the State Action, on November, 15, 2021, Plaintiffs voluntarily dismissed the State Action without prejudice.  (Silb. Decl. ¶ 2.)  Just eight days later, Plaintiffs served 142 document requests on the Defendants.  (*Id.* ¶ 3.)  Such requests were facially and substantively overbroad – even assuming *arguendo* all the claims survived Defendants' Pending Motions.  On February 4, 2022, Defendants responded with substantive responses and objections, and produced approximately 1,500 pages of documents, including the relevant administrative record for the facial challenges Plaintiffs alleged.  (*Id.* ¶ 4.)  On February 14, 2022, Plaintiffs served a deposition notice on the City Manager, David White who assumed that position in October 2021 – a year after the ordinance adopting Chapter 6.22 went into effect – and a third-party subpoena on the Mayor's husband, Michael Soloff.  (*Id.* ¶¶ 5-6.)  The City objected to these depositions, as did Mr. Soloff.  (*Id.* ¶ 6.)

In March 2022, the parties conducted a telephonic meet and confer and have since continued to meet and confer on their discovery disputes, both with respect to the documents and depositions, and the City understands conversations with the non-party Mr. Soloff are also ongoing.  (Silb. Decl. ¶ 7.)  During these discovery

---

[3] In light of the passage of time since the filing of the Parties' Joint Rule 26 Report in August 2021, Defendants request the ability to file an amended Report before the Court issues any scheduling order in this action.

discussions, Plaintiffs also indicated they plan to serve additional discovery, including interrogatories.  (*Id.* ¶ 8.)  During the March 2022 telephonic meet and confer, the City indicated that in light of the broad discovery sought, the overlapping issues between certain disputes being litigated in the Pending Motions and any discovery motions, their belief that their Pending Motions will dismiss (or significantly narrow) this Action, and judicial efficiency, they were considering filing this motion to stay discovery.  (*Id.* ¶ 9.)  In May 2022, the City confirmed its intent to file this motion in writing, and then further met and conferred with Plaintiffs concerning the appropriateness of the motion.  (*Id.* ¶ 10, Exh. A.)

### III.  ARGUMENT

**A.    Legal Standard**

The Court's inherent powers authorize it to stay proceedings, including discovery. *See, e.g.*, *Addison v. DIRECTV, Inc.*, 2014 WL 12855831, at *1 (C.D. Cal. Nov. 14, 2014).  Courts have "wide discretion" to decide whether a moving party has shown "good cause" necessary to justify a stay.  *Spearman v. I Play, Inc.*, 2018 WL 1382349, at *1 (E.D. Mar. 19, 2018); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002).

"The Ninth Circuit has not provided a clear standard for district courts to apply when determining whether it is appropriate to stay discovery pending the outcome of a potentially dispositive motion." *See Quezambra v. United Domestic Works of Am. AFSCME Local 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019).  However, the Ninth Circuit has recognized that "[t]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  Accordingly, district courts in this District and throughout the Ninth Circuit regularly stay

discovery when dispositive motions are pending, and the Ninth Circuit similarly affirms such decisions.[4]

In exercising their discretion, courts in the Ninth Circuit often apply a two-pronged test, finding good cause exists where "(1) the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra*, 2019 WL 8108745, at *2; *Spearman*, 2018 WL 1382349, at *1; *Rodriguez v. Robbins*, 2010 WL 11622792, at *1 (C.D. Cal. Nov. 17, 2010).

Beyond these general principles, a court should "exercise its discretion [to stay discovery] so that officials are not subjected to unnecessary and burdensome discovery" and "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "In order to minimize the costs incurred by an immune defendant, a court must resolve qualified immunity questions at the earliest possible stage in litigation." *Reyes v. Horel*, 2009 WL 2136603, at *1 (N.D. Cal. July 14, 2009); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended*, 906 F.2d 465 (9th Cir. 1990) ("The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed"); *Ameritel Inns v. Moffat Bros. Plastering, L.C.*, 2007 WL 1792323, at *4 (D. Idaho June 20, 2007) (granting temporary stay of all discovery other than service of initial disclosures on the basis that defendant's motion to dismiss did not appear to be "without some degree of foundation in law" and there was a possibility that defendant might prevail).

---

[4] *See, e.g.*, *Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir. 2017); *Wenger*, 282 F.3d at 1077; *Alaska Cargo Transp. v. Alaska R.R.*, 5 F.3d 378, 383 (9th Cir. 1993); *Johnson v. Martinez*, 131 F. App'x 546, 548 (9th Cir. 2005); *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, *3 (C.D. Cal. Sept. 17, 2015).

**B.     A Stay Is Warranted Because the Motion to Dismiss Will Dispose of This Case and Can Be Resolved Without Discovery**

   **1.     The Pending Motions Are Potentially Dispositive of the Entire Case**

Where a motion to dismiss is pending, the Court should "take a preliminary peek at the merits . . . to see if on its face there appears to be an immediate and clear possibility that it will be granted." *GTE Wireless Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (emphasis omitted).  A motion is "potentially dispositive" where all of the claims in the complaint "would be subject to dismissal" if the motion were granted.  *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) ("While the Court does not provide an opinion on the merits of the pending motion to dismiss, the Court concludes that the motion has the potential to be dispositive."); *see also In re Google Digital Advertising*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020) ("[Defendant's] motion to dismiss presents formidable arguments, which could prove difficult for Plaintiffs to overcome, even considering that leave to amend is freely given."); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) ("On a motion to stay discovery . . . the question is only whether [defendant's] motion to dismiss is '*potentially* dispositive of the entire [case].'" (citation omitted)).  The first prong in determining good cause for a stay is satisfied here because the City's Motion to Dismiss could result in dismissal of every claim in Plaintiffs' FAC.  *See Suarez v. Beard*, 2016 WL 10674069, at *1 (N.D. Cal. Nov. 11, 2016) (first prong satisfied because "[i]f the [underlying dispositive] motion is granted, this case would be dismissed").

First, and most obviously, the City's pending Motion to Dismiss seeks dismissal of each of Plaintiffs' 11 claims and so is at least "potentially" dispositive of this case in its entirety.  *Quezambra*, 2019 WL8108745, at *2; *see also* Dkt. 50 (moving for dismissal of all claims).  Even a "preliminary peek" (or even a more

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**

substantive look) at the City's Pending Motions reveals that Defendants have raised significant, meritorious, and case-dispositive challenges to all of the claims in Plaintiffs' FAC.

As fully explained in the City's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), all of the 33 named Plaintiffs' claims should be dismissed on several substantive grounds.  Defendants' Motion was based on a number of legal arguments, including, but not limited to:

- Individual tenant Plaintiff Armitage's first and second claims for violation of the U.S. and California constitutional right to privacy and invasion of the common law right to privacy fail as a matter of law because he has no reasonable expectation of privacy in the information on which he bases his claims, which is shared with Landlords or the City in many other contexts, and any disclosure is not a serious breach.  Nor has Armitage alleged compliance with the Tort Claims Act, which is an additional basis to dismiss the common law right to privacy claim.  (Dkt. 50 pp. 14-20.)

- Armitage's third claim for violation of the federal right to freedom of movement is baseless because SMMC Chapter 6.22does not burden *inter*state travel, a bona fide residency requirement does not violate a tenant's constitutional freedom of movement, and similar ordinances have been upheld over such objections.   (Dkt. 50 p. 20.)

- Plaintiffs' fourth and fifth claims for violation of equal protection and substantive due process under both the U.S. and California Constitutions lack merit because Chapter 6.22 is rationally related to its legitimate purpose of protecting tenants and preserving rental housing stock and Plaintiffs' disagreements on policy do not make Chapter 6.22 unconstitutional on its face.  Plaintiffs' challenge to the facial validity of certain terms in Chapter 6.22 on vagueness grounds fails because

Plaintiffs do not and cannot allege that the terms are impermissibly vague in all of their applications.  (Dkt. 50 pp. 20-27.)

- The 32 Landlord Plaintiffs' sixth claim for retaliatory prosecution fails as a matter of law because Landlords do not state a plausible cause of action for municipal liability or sufficiently allege that the City lacked probable cause to bring the underlying criminal action.   (Dkt. 50 pp. 4-6.)  In addition, all of the Landlords except for Plaintiff 1433 Euclid Street, LLC lack standing to bring a retaliatory prosecution claim.  (Dkt. 50 p. 4.)

- Landlords' seventh claim for unconstitutional taking under both the U.S. and California Constitutions lacks merit because Landlords' allegations do not meet the standard for establishing a regulatory taking.  A mere diminution of value is insufficient to demonstrate a taking, and Landlords have no reasonable investment-backed expectation that their properties would be unencumbered by government regulation.   (Dkt. 50 pp. 9-11.)

- Landlords' eighth claim for violation of the Contracts Clause in both the U.S. and California Constitutions is baseless because there is no substantial impairment of their contractual relationships.  Landlords have failed to allege any specific terms purportedly undermined by Chapter 6.22, Landlords could not reasonably expect the regulatory landscape to be unchanged given the extensive regulation of the landlord-tenant relationship, and Landlords can safeguard their contractual rights.   (Dkt. 50 pp. 11-14.)

- Landlords' ninth and tenth claims alleging preemption by and violation of the California Coastal Act and preemption by certain California housing statutes, fail to allege any preemption because Chapter 6.22 is consistent with state law, and Landlords' claim that Chapter 6.22 violates the Coastal Act is meritless because the adoption of an ordinance is not a development under the Act. (This presumes the

Court would choose to exercise supplemental jurisdiction over these claims, which it should not because none of the federal claims have merit.)  (Dkt. 50 pp. 27-28.)

- Armitage's first and third claims, Plaintiffs' fourth and fifth claims, and Landlords' sixth, seventh, and eighth claims all assert claims under 42 U.S.C. § 1983 arising out of alleged violations of the U.S. Constitution.  But because Plaintiffs have not adequately alleged a violation of their constitutional rights, they cannot state a derivative claim under 42 U.S.C. § 1983.  (Dkt. 50 p. 29.)

- Plaintiffs' eleventh claim seeking declaratory judgment on the constitutionality, legality, and validity of Chapter 6.22 and the criminal price-gouging action should be dismissed because Plaintiffs have failed to sufficiently state any substantive claims.  (Dkt. 50 p. 29.)

- Additionally, and at a minimum, Plaintiffs' claims challenging the validity of Chapter 6.22 under 42 U.S.C. § 1983 and California law against the City Council should be dismissed as a defendant because they are legislatively immune.  (Dkt. 50 p. 30.)

As the City's pending Motion to Dismiss argues, claims similar to those brought in this action have been dismissed and affirmed by the Ninth Circuit.  *See, e.g.*, *Hotop v. City of San Jose*, 982 F.3d 710, 717 (9th Cir. 2020) (affirming dismissal of regulatory takings claim on pleadings); *Kilgore v. City of S. El Monte*, 2020 WL 4258584, at *6-7 (C.D. Cal. Apr. 24, 2020) (applying comparison of value standard at pleadings stage to dismiss regulatory takings claim); *Apt. Assn. of Greater Los Angeles v. City of Los Angeles*, 2021 WL 2460634, at *3-4 (C.D. Cal. June 1, 2021) (same); *Nguyen v. City of Buena Park*, 2020 WL 5991616, at *8 (C.D. Cal. Aug. 18, 2020) (dismissing contract clause claim because "[c]onclusory allegations that there exist some contracts which have been impaired fall on the wrong side of the line demarcating 'possibility and plausibility of entitlement to relief.'"); *Vanguard Medical Management Billing, Inc. v. Baker*, 2018 WL

6137198, at *19-20 (C.D. Cal. Apr. 26, 2018) (dismissing claim "because [plaintiffs] fail to cite to the specific terms of any contract or contracts allegedly impaired"); *see, e.g., Patel v. City of Los Angeles*, 738 F.3d 1058, 1062 (9th Cir. 2013) (guests lack privacy interest in their own hotel records).

Because none of the claims asserted against the Defendants have merit, there is a strong likelihood that the City's Motion to Dismiss is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Hall v. Tilton*, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010); *Quezambra*, 2019 WL 8108745, at *2 (finding the first factor met where "Defendants' motions to dismiss are potentially dispositive of the entire case as they raise arguments related to Article III standing, the adequacy of Quezambra's pleading, and Quezambra's ability to state a claim based on her allegations.")

Thus, a discovery stay here "especially makes sense" to avoid "costly and time consuming [] discovery" while the Court "determine[s] whether there is any reasonable likelihood plaintiffs can construct a claim." *Rutman Wine Co.*, 829 F.2d at 738.

### 2.      No Discovery Is Necessary to Decide the Motion to Dismiss

The second prong courts have looked at is whether "the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra*, 2019 WL 8108745, at *2. Without question, the City's Motion to Dismiss can, and will be, decided without the need for any additional discovery, given that it was fully briefed in August 2021, months before Plaintiffs served their discovery. As noted above, Defendants' Motion turns primarily on the legal, as well as immunity issues, (Dkt. 50.) Thus, what remains are pure questions of law for the Court to decide for itself; issues that the Plaintiffs could had have resolved in the State Action in January 2022, but chose not to. It is no surprise, then, that Plaintiffs raised no significant factual disputes in their opposition to the Motion to Dismiss. Nor could

they given that their claims attack the facial validity of Chapter 6.22. And the City

has already have produced, in addition to other public meeting materials, the full

record of what was before the City Council when it held a first and second reading

on the ordinance adopting Chapter 6.22—which is the key (and likely only)

relevant evidence in this case. (Silb. Decl. ¶ 4.) Consequently, the bulk of the

discovery Plaintiffs propounded—seeking internal City emails and deliberative

material—has nothing to do with the Pending Motions because it really has nothing

to do with the underlying claims themselves. For example, Plaintiffs seek "all"

"documents" and "communications" from every City employee or agent about

anything to do with the 33 named Plaintiffs.[5] (Silb. Decl. ¶ 3.) Such overbroad

requests clearly have nothing to do with the specific claims and legal analysis

required in this case—especially where Plaintiffs are merely asserting facial

constitutional claims.[6] Similarly, Plaintiffs seek to depose the City Manager, who,

as the administrative head of the City, is not only in an apex position, but who also

was not hired until a year *after* the pertinent ordinance was adopted. (Silb. Decl. ¶

5); *see also Alaska Cargo Transport Inc. v. Alaska Railroad Corp.*, 5 F.3d 378, 383

(9th Cir. 1983) (affirming stay where "no suggestion . . . that the discovery sought

was relevant" to subject matter jurisdiction motion).

      Therefore, under the two-factor test, a stay of discovery while the Court

decides the Pending Motions is appropriate.[7]

---

[5] During the parties' meet and confer, Plaintiffs have agreed to narrow the
custodians so that the requests do not require seeking discovery from more than
2000 City employees. However, Plaintiffs still seek all documents and
communications concerning all 33 of the named Plaintiffs—without regard to how
all such documents could be discoverable, especially based upon the facial claims
alleged here.

[6] With the exception of the Landlord Plaintiffs' impairment of contracts claim,
which raises both an as applied and facial claim, all constitutional claims are facial
claims. Even then, evidence of the relevant contracts at issue would be within the
possession of the Landlord Plaintiffs, not the City.

[7] Alternatively, some Courts in this district conduct a similar analysis under a
balancing test of several factors in determining whether a stay is warranted. *See,*

## C.    Additional Factors Support a Stay of Discovery Here

Beyond the analysis under the two-factor test, which supports the short-requested stay, additional circumstances further justify the brief stay of discovery sought here.

### 1.    Immunity Issues Favor a Stay of Discovery

Courts in this circuit have routinely granted stays of discovery while dispositive motions raising immunity are pending, in order to protect the asserted right from irreparable loss.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming discovery stay pending resolution of qualified immunity motion); *Herrick v. Strong*, 745 F. App'x 287, 289 (9th Cir. 2018) (A "stay of discovery [pending a summary judgment motion] was appropriate here because qualified immunity's determinative impact constitutes more than just a defense to liability--it is immunity from suit altogether.").  Indeed, a stay of discovery during the resolution of an issue of immunity "furthers the goal of efficiency for the court and litigants." *Little*, 863 F.2d at 685.  That standard is particularly applicable here, where the City Council is absolutely immune with respect to all claims except the retaliatory prosecution claim, which should otherwise be stayed under the *Younger* abstention doctrine.  (Dkt. 51 pp. 10-13.)

Here, Defendant City Council has filed a motion to dismiss based on the fact that, as a matter of law, "[l]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities."  *Bogan v. Scott-Harris*, 523 U.S. 44,

---

*e.g.*, *Top Rank, Inc. v. Hayman*, 2015 WL 9952887, at *1 (C.D. Cal. Sept. 9, 2015) (considering variety of factors in granting stay) (Walter, J.).  In *Top Rank*, as in this case, the plaintiff propounded discovery after filing its complaint pursuant to the district court's Standing Order.  The defendant moved to stay discovery pending resolution of its motion to dismiss.  *Id.*  In evaluating, and subsequently granting, the motion to stay discovery, the court considered a number of factors including, but not limited to "(1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* As set forth herein, even when evaluating these additional factors, a stay is appropriate here.

54 (1998); (Dkt.50 at p. 30).  This immunity extends to legislative bodies.  *See, e.g.*, *Porto v. City of Laguna Beach*, 2012 WL 3810475, at *4 (C.D. Cal. Aug. 7, 2012). (Dkt. 50 at p. 30.)  As such, the Defendant City Council should not be subjected to "unnecessary and burdensome discovery" and the Court "should resolve that threshold question *before* permitting discovery."  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (italics added); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended*, 906 F.2d 465 (9th Cir. 1990) ("The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed"); *Reyes v. Horel*, 2009 WL 2136603, at *1 (N.D. Cal. July 14, 2009) ("In order to minimize the costs incurred by an immune defendant, a court must resolve qualified immunity questions at the earliest possible stage in litigation").[8]

Additionally, a stay of discovery as to the City Council alone would not relieve them of the burden of participating in discovery before its immunity from suit can be adjudicated.  The Supreme Court recognized this in *Ashcroft v. Iqbal*, when it held that where a complaint had failed to state a plausible claim to overcome the defendants' qualified immunity defense, discovery should not proceed with respect to the *other parties* who did not assert an immunity defense. This is because "when discovery as to the other parties proceeds, it would prove necessary" for the allegedly immune party and their counsel "to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position."  *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). "Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."  *Id.*; *see also M.G. v. Metro Interpreters and Translators, Inc.*, 2013 WL 690833, at *2 (S.D. Cal. Feb. 26 2013)

---

[8] Although not raised in the Motion to Dismiss, to the extent Plaintiffs' § 1983 claims are premised on the petitioning activity of the City and the City Council in adopting Chapter 6.22, both the City and the City Council are entitled to *Noerr-Pennington* immunity.   *See, e.g., B&G Foods N.A., Inc. v. Embry*, 29 F.4th 527, 536 (9th Cir. 2022); *Affordable Housing Development Corp. v. City of Fresno*, 433 F.3d 1182 (9th Cir. 2006).

1   (staying discovery for all defendants where "the conduct of the government actors"

2   who had a claim for governmental immunity was "inextricably intertwined with the

3   allegations against the non-Federal defendants.")  Like the defendants in *Iqbal*, the

4   City Council has asserted a threshold immunity defense that would preclude it from

5   being sued for all but one claim against one defendant, which should be dismissed

6   or otherwise stayed.

7            **2.       Privilege Issues Favor a Stay**

8            Plaintiffs' discovery seeks information protected by the deliberative process

9   and legislative privileges, among others, by expressly seeking deliberative and

10  other communications concerning the passage of the ordinance.  While such

11  discovery is not relevant anyway, the deliberative process privilege is not absolute,

12  and as such, Plaintiffs must show that their need for the materials overrides the

13  government's interest in non-disclosure, which concerns the ability of the

14  government to have frank discussions and deliberations.  *See, e.g., F.T.C. v. Warner*

15  *Communications, Inc.*, 742 F.2d 1156, 1161-62 (9th Cir. 1984) (finding "compelled

16  disclosure would likely hinder effective agency decision making.")  While this

17  analysis is burdensome and unnecessary to begin with in light of Plaintiffs'

18  improper claims, it would be extremely detrimental to the City to have such

19  documents disclosed and that privilege pierced when the Court has not even

20  determined that any such claim has been (or could be) stated.  Such disclosure,

21  where the Plaintiffs cannot state a claim, would have long lasting impact, hindering

22  the deliberative process and undermining the legislative privilege into the future.

23  Moreover, issues concerning these privileges, including arguments regarding any

24  pretextual legislative motivations of legislative bodies, are already presented to the

25  Court in the Motion to Dismiss.  (*See, e.g*., Dkt 57 p. 15 (City explaining why

26  pretextual legislative motivations is not relevant to the analysis)).

27

28

### 3.      Judicial Efficiency Supports a Stay

In light of Plaintiff's overbroad and improper discovery, the City anticipates multiple discovery motions.  For example, Plaintiffs have noticed the deposition of the City Manager, who is an apex witness with no relevant information, especially since he began his position as City Manager a year after the ordinance was adopted.  (Silb. Decl. ¶ 5.)  As such, should this Motion not be granted, the City anticipates seeking a protective order with respect to such deposition, and the parties have met and conferred on such issues.  Plaintiffs have also served 144 overbroad document requests.  Although the parties continue to meet and confer on these issues, as set forth in the Motion to Dismiss and the Rule 26(f) Joint Statement, the parties have a fundamentally different view of the type of discovery permissible in such cases based upon the nature of the claims.  Some of these issues directly overlap with the issues raised in Defendants' Motion.  For example, the parties dispute the relevant standards of review under Plaintiffs' constitutional claims.  Whether such facial claims are reviewed under the rational basis test or some other standard will determine both the legal standard for the Motion to Dismiss and the scope of discovery itself.  Additionally, Plaintiffs are seeking discovery from third parties, such as the Mayor's husband—Michael Soloff, who also objects to the discovery.  (Silb. Decl. ¶ 6.)  Thus, staying this action not only creates judicial efficiency in avoiding discovery motions that may be mooted, it avoids unnecessary burdens on third parties, and it permits this Court to shape the pleading and claims before such discovery issues are addressed.

### 4.      Balancing of Harms Favors a Stay

Even if Plaintiffs stated viable claims (which they have not), there is no urgent need to rush into discovery.  Plaintiffs have identified no plausible prejudice that they will suffer as a result of any delay in seeking discovery.  They will be in the same position to prosecute their claims after this Court has had an opportunity to decide the Pending Motions and settle the pleadings.  In fact, no scheduling order

or trial date has been issued in this case.  Additionally, Plaintiffs could have had these constitutional issues already decided in the State Action months ago, but chose to forgo that option by voluntarily dismissing their writ petition.  In light of their own delay in having these issues resolved, they cannot now claim any prejudice from their own litigation decisions.  If the Pending Motions are denied, Plaintiffs can thereafter conduct appropriate discovery in this matter based on the surviving claims.

Conversely, the  City Council and the City, who are public officials and a public entity, will suffer significant prejudice if they are forced to expend significant time and public resources responding to discovery that would otherwise not be necessary if the Pending Motions are ultimately granted and briefing overlapping legal issues regarding the discovery already propounded.  *See Top Rank,* 2015 WL 9952887, at *3 (granting stay pending motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.").

Finally, the City would be denied the benefit of its Motion to Stay and Abstain Action, which, following Plaintiffs' dismissal of the writ petition, is focused now on *Younger* abstention, if it is forced to engage in additional discovery.  And as noted above, the City Council would lose the benefit of immunity to which it is entitled.

The most efficient and equitable way forward is to stay discovery temporarily until the Court decides the Pending Motions. If any part of this case

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**

1  remains after the pleadings are settled, Plaintiffs can appropriately tailor their
2  discovery to address only any surviving claims.

3                              **IV.  CONCLUSION**

4          Defendants respectfully request that the Court stay discovery until the Court
5  has resolved Defendants' Motion to Dismiss the First Amended Complaint and
6  Motion to Abstain and Stay Action and the pleadings are settled, and grant such
7  other and further relief as the Court deems just and proper.

8  June 3, 2022                         CAROL M. SILBERBERG
9                                       BERRY SILBERBERG STOKES PC

10

11                                      By:   /s/   *Carol M. Silberberg*
12                                            Carol M. Silberberg

13                                      SUSAN Y. COLA
                                        Interim City Attorney
14                                      KIRSTEN R. GALLER
                                        Deputy City Attorney
15                                      HEIDI VON TONGELN
                                        Deputy City Attorney
16
                                        *Attorneys for Defendants*
17                                      CITY OF SANTA MONICA and
                                        CITY COUNCIL OF THE CITY OF
18                                      SANTA MONICA

19

20

21

22

23

24

25

26

27

28