# EXHIBIT A



STL | LA
www.berrysilberberg.com

A Professional Corporation

155 NORTH LAKE AVENUE, SUITE 800
PASADENA, CALIFORNIA 91101

Carol M. Silberberg
Direct: (213) 986-2688
Facsimile: (213) 986-2677
csilberberg@berrysilberberg.com

May 6, 2022

*Sent via Electronic Mail*

Noah S. Helpern
Ellis George Cipollone O'Brien Annaguey LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
nhelpern@egcfirm.com

  Re: NMS 1539, et al. v. City of Santa Monica, et al., No. 2:20-cv-11318-FLA(JPRx)

Dear Noah:

  We are in receipt of your letter dated April 28, 2022 regarding Plaintiffs' discovery requests and our on-going meet-and-confer regarding discovery in this matter. This is an initial response to your letter, and we do intend to provide a further response as noted below.

  During our most recent call, we mentioned the City was considering filing a motion to stay discovery pending the resolution of the pleadings motion. We would like to confirm that our intent is to move forward with that motion shortly. But also want to make sure we complete any additional meet and confer obligations relating to that matter.

  In your letter, you state that such a motion is not warranted "because Defendants already filed a motion to stay last July" and that "[f]iling a second motion that seeks the same relief" is unnecessary and duplicative. Such is not the case. The motion to stay discovery we intend to file is not duplicative of the prior Motion to Abstain and Stay Action, which was filed on July 9, 2021 and is under submission. That motion was based upon abstention and/or stay principles under *Younger*, *Colorado River*, and *Landis* because of the parallel state court proceedings and pending state criminal action . (Although as the Parties' subsequent filings have noted, it has been narrowed in light of the dismissal of the state court action.)

  The Motion to Stay Discovery is entirely separate and based, in part, upon the Court's power under Rule 26(c) and its inherent authority to stay proceedings pending a ruling on a dispositive motion. The Ninth Circuit has approved such stays and various courts have instituted such stays while pleading motions such as these are pending. *See, e.g., Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir. 2017) (finding no abuse of discretion in stay of discovery); *Quezambra v. United Domestic Workers of America AFSCME Local 3930*, 2019 WL 8108745 (C.D. Cal. Nov.

Noah S. Helpern
May 6, 2022
Page 2

14, 2019) (granting stay pending resolution of motions to dismiss); *Top Rank, Inc. v. Hayman*, 2015 WL 9952887 (C.D. Cal. Sept. 17, 2015) (same); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), amended, 906 F.2d 465 (9th Cir. 1990) ("The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed").

As you know, in addition to the Motion to Abstain and Stay Action, Defendants also filed a Motion to Dismiss, which would be a case-dispositive motion, raising a number of issues as to why Plaintiffs' claims fail as a matter of law and also raising the City Council's immunity to Plaintiffs' claims. As we also discussed during our meet and confer, there are some issues that the Court must resolve in the Motion to Dismiss that would overlap with considerations that need to be made in potentially resolving discovery disputes. As such, we believe under the law that a stay of discovery pending resolution of that Motion to Dismiss is both necessary and appropriate. If you believe further discussion on this issue would be fruitful, please let us know. Otherwise, we are happy to discuss a mutually agreeable hearing date to have the matter heard by the Court.

Additionally, I also indicated that we wanted to further supplement our meet and confer efforts on the apex deposition doctrine, even though the parties agree that the issues are understood by both sides. As such, we are merely providing some authority for the application of the doctrine here – especially where Mr. White was hired well after the actions at issue. As you are undoubtedly aware, the Ninth Circuit has recognized that "absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions." *City of Riverside v. Greyhound Lines, Inc.*, 2017 WL 11632085, *4 (C.D. Cal. May 16, 2017) (citing to *Kob v. Cty. of Marin*, 2009 WL 3706820 (N.D. Cal. Nov. 3, 2009)); *see also K.C.R. v. City of Los Angeles*, 2014 WL 3434257 (C.D. Cal. July 11, 2014); *Cannavan v. County of Ventura*, 2021 WL 4945186 (C.D. Cal. July 16, 2021). This immunity from depositions is designed "to allow top officials freedom to perform their jobs without disruption from the discovery process," and, therefore, "only extraordinary circumstances compel high ranking officials to testify to the reasoning behind their official actions." *City of Riverside,* 2017 WL 11632085, at *4. (internal citations and quotations omitted). During our discussion, Plaintiffs did not challenge the assertion Mr. White would qualify as a high ranking official. Rather, I believe Plaintiffs were going to send us authority to why any after-the-fact information Mr. White might have would meet the standards for seeking an apex deposition, let alone the "extraordinary circumstances" requirement.

Lastly, as to the remainder of your letter concerning your positions that the Landlord Plaintiffs who have sold their properties are still entitled to discovery, that Plaintiffs are entitled to communications with City officials (including those protected by certain privileges) relating to the adoption of Santa Monica Municipal Code Chapter 6.22, and that Plaintiffs' requests are reasonable and not overly broad, we are reviewing those authorities and will respond further on these specific issues and will continue to meet and confer in an attempt to resolve and/or narrow our disputes over the discovery where possible.

Best regards,

Carol M. Silberberg